UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

    Ruby-Gordon, Inc.,                         Bankruptcy Case No. 23-20594-PRW
                                                                   Chapter 11

                       Debtor.
_____

## DECISION AND ORDER
## DENYING DEBTOR'S APPLICATION
## TO USE CASH COLLATERAL ON AN
## *EX PARTE* EMERGENCY BASIS

The narrow issue presented is whether a Chapter 11 debtor can be granted an *ex parte* order permitting the use of cash collateral. The answer is no.

This Chapter 11, SubChapter V case was filed on November 20, 2023. (ECF No. 1). Despite the fact that the Debtor is continuing to operate its business, presumably employing personnel, using utilities, paying rent, along with other typical business operating expenses, no "first day motions" have been filed by counsel to the Debtor. A troubling situation to be sure.

On November 27, 2023, at approximately 3:00 p.m., the Debtor filed an "Application" requesting authority to use cash collateral "on [an] ex parte emergency basis." (ECF No. 23 at 1). It appears, from Exhibit A attached to the Application that, on November 20, 2023, the Debtor used cash collateral to pay operating expenses totaling $45,033 and, on November 27, 2023, the Debtor made a further use of cash collateral to pay operating expenses totaling $103,296. (ECF No. 23, Ex. A). There is no indication that the entities with an interest in the Debtor's cash collateral consented to its use; nor has the Court approved its use. The Debtor's unauthorized use of cash collateral is cause for much concern.

The Code mandates that a debtor may not use cash collateral unless each entity with an interest in such cash collateral consents or the Court, after notice and a hearing, authorizes the Debtor to use cash collateral. 11 U.S.C. § 363(c)(2). The fairly straightforward procedure to be followed in such an instance is laid out in Rule 4001(b) FRBP. The Rule requires that a request to use cash collateral must be: (1) made by motion under Rule 9014 FRBP; and (2) served in the manner specified by Rule 7004 FRBP. *See* Rule 4001(b)(1)(A)-(C) FRBP. The Court is permitted to conduct a preliminary hearing within the 14 days following service of the motion, if the motion makes such a request. *See* Rule 4001(b)(2) FRBP. The Rule expressly provides that notice of any hearing (preliminary and final) must be given to all parties upon whom the motion is required to be served. *See* Rule 4001(b)(3) FRBP. "The rule appears to provide that notice as provided in subdivision (c) is mandatory before a hearing may be conducted. The language of that subdivision, along with the absence of any provision for *ex parte* orders comparable to Rule 4001(a)(2), would seem to preclude any *ex parte* order authorizing the use of cash collateral." 9 Collier on Bankruptcy ¶ 4001.06[4] (16th ed. 2023).

The Application before the Court fails, in every respect, to comply with the requirements of Rule 4001(b)(1)-(3) FRBP. Counsel cites *Armstrong v. Norwest Bank, Minneapolis, N.A.*, 964 F.2d 797 (8th Cir. 1992), as authority for the proposition that "[a]n ex parte order authorizing the use of cash collateral may be appropriate so as to maintain the status quo of the debtor's operations." (ECF No. 23 ¶ 13 (citing *Armstrong*, 964 F.2d at 801)). Counsel's reliance on *Armstrong* is wholly misplaced. The Bankruptcy Court in *Armstrong* granted an *ex parte* order authorizing the use of cash collateral only after the entity with a lien on cash collateral stipulated to its use. It was based on those narrow facts that the Eighth Circuit found no error in the Bankruptcy Court's *ex parte* order.

Here, the entities with an interest in cash collateral have not stipulated to its use. In fact, it appears that those entities have not been provided with *any* notice (and an opportunity to be heard) of the Debtor's request to use cash collateral. Because the Debtor's Application fails to comply with the procedures mandated by Rule 4001(b)(1)-(3) FRBP, the request for an *ex parte* order authorizing the use of cash collateral is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 28, 2023 _____/s/_____
Rochester, New York HON. PAUL R. WARREN
United States Bankruptcy Judge